WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-15-01079-PHX-ROS (ESW)<br><br>**ORDER** |

Plaintiff Robert William Dutcher, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman) in Florence, Arizona, filed a Second Amended Complaint on March 2, 2016, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 (Doc. 40). The Court screened Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered Defendants Corizon, Stowe, Shields, and Roberts to answer Counts One through Five (Doc. 42 at 10). Defendants Corizon Health, Inc., ("Corizon") Stowe, and Shields have answered (Docs. 48, 53). Service was returned unexecuted as to Defendant Roberts (Doc. 47). Pending before the Court is Plaintiff's fully briefed "Motion for the Assistance of the Court" (Doc. 51). The Court sets forth its ruling below.

**DISCUSSION**

Plaintiff asks the Court to order Defendant Corizon and Charles L. Ryan to provide "the name, last known addresses and loctation [sic] to the Court 'under seal' so

that service of Defendant Corizon Regional Medical Director, from before, during and after May 14, 2013 . . . may be effected as Ordered, (Doc. #42) without violating A.D.O.C. and Corizon Health, Inc., security concerns." (Doc. 51 at 2). In its Reponse, Defendant Corizon states that it "has no record of a Dr. Roberts having worked for Corizon in Arizona." (Doc. 52 at 1). Neither counsel for Corizon nor Corizon has knowledge of Dr. Roberts and his last known address. Therefore, Defendant Corizon urges the Court to deny Plaintiff's Motion.

In his Reply, Plaintiff attaches an Arizona Department of Corrections Health Services Communique dated May 14, 2013 signed by "Roberts" which states: "In regard to your outside consult to see cataract/glaucoma specialist, this request has been denied at this time by Corizon Regional Medical Director. . . ." (Doc. 56 at 3). Nothing in the note indicates that Roberts is a doctor with Corizon or that Roberts is Corizon's Regional Medical Director. In addition, the Arizona Department of Corrections ("ADOC") is not a party in this case.

Rule 45, Fed. R. Civ. P., governs the issuance of a subpoena. Plaintiff has failed to comply with the requirements of Rule 45, Fed. R. Civ. P., in seeking information from non-party ADOC. The Court will order the Clerk of Court to provide Plaintiff with one subpoena duces tecum so that Plaintiff may obtain the information he seeks through the proper use of a subpoena duces tecum. As to Defendant Corizon, Plaintiff must use the discovery tools available to him through the Federal Rules of Civil Procedure and Rules of Practice of the U.S. District Court for the District of Arizona to obtain the name of the Corizon Regional Medical Director during the time frame Plaintiff describes. The Court does not conduct discovery for litigants. *See United States v. Merrill*, 746 F. 2d 458, 465 (9th Cir. 1984), *cert. denied*, 469 U.S. 1165, (1985) (finding that even pro se litigants must follow the same rules of procedure and evidence that govern litigants represented by counsel); *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."). The Court will extend time for service of process on Defendant Roberts for an additional sixty (60) days from

the date of filing of this order to allow the Plaintiff to conduct discovery regarding the address of Defendant Roberts.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's "Motion for Assistance of the Court" (Doc. 51).

**IT IS FURTHER ORDERED** that the Clerk of Court send to Plaintiff one blank subpoena duces tecum for the limited purpose of conducting discovery on ADOC regarding the address and name of Defendant Roberts. Plaintiff shall fill out the subpoena duces tecum and mail it back to the Clerk of Court for service of process through the United States Marshal ("USMS"). The address of Defendant Roberts shall be filed under seal and provided to the USMS for service of process.

**IT IS FURTHER ORDERED** extending time for service of process of Defendant Roberts an additional sixty (60) days from the date of filing of this order.

Dated this 28th day of September, 2016.

_____
Eileen S. Willett
United States Magistrate Judge