WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher, | No. CV-15-01079-PHX-ROS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

The following sets forth the Court's rulings on (i) Defendant Corizon Health Inc.'s "Motion to Stay Discovery, as to Corizon Only, Pending Resolution of Motion to Dismiss [Doc. 69]" (Doc. 70)  (ii) Defendant Stowe's "Motion to Stay Discovery" (Doc. 73); (iii) Plaintiff's "Motion for Appointment of Counsel" (Doc. 80); and (iv) Plaintiff's "Motion for Stay of Proceedings" (Doc. 81).

## I.  DISCUSSION

### A.  Defendant Corizon Health Inc.'s "Motion to Stay Discovery, as to Corizon Only, Pending Resolution of Motion to Dismiss [Doc. 69]" (Doc. 70)

Defendant Corizon Health Inc. ("Corizon") has moved to stay discovery pending resolution of its Motion to Dismiss (Doc. 69), which argues that the deliberate indifference claims against Corizon should be dismissed with prejudice because the applicable statute of limitations has run.  Plaintiff's Response (Doc. 76) to Corizon's Motion to Stay (Doc. 70) does not articulate a persuasive reason why the Court should

deny the requested stay.  Instead, Plaintiff states only that he requests that "the Defendant's Motion be denied as the Defendants Motion to Dismiss (Doc. 69) is without merit and is little more than a belated Motion to Reconsider." (Doc. 76 at 1).  For good cause shown, the Court will grant Corizon's Motion to Stay (Doc. 70).

### B.  Defendant Stowe's "Motion to Stay Discovery" (Doc. 73)

On November 21, 2016, Defendant Stowe moved to stay discovery in this matter pending resolution of Defendant Stowe's Motion for Summary Judgment (Doc. 71), which is based on Plaintiff's alleged failure to properly exhaust his administrative remedies as to his retaliation claim against Defendant Stowe before initiating this action. Plaintiff has not responded to Defendant Stowe's "Motion to Stay Discovery" (Doc. 73). *See* LRCiv 7.2(i) (court may deem failure to file response to a motion as consent to the denial or granting of the motion and the Court may summarily dispose the motion).  For good cause shown, the Court will grant Defendant Stowe's "Motion to Stay Discovery" (Doc. 73).

### C.  Plaintiff's "Motion for Appointment of Counsel" (Doc. 80)

As previously explained to Plaintiff (Doc. 36 at 16), there is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).  District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

On September 28, 2015, Plaintiff filed a "Motion for Appointment of Counsel" (Doc. 28).  The Court denied the Motion (Doc. 28) in its January 14, 2016 Order, finding that this case did not present exceptional circumstances warranting the appointment of counsel.  (Doc. 36 at 16, 19).  On December 12, 2016, Plaintiff filed a second "Motion

for Appointment of Counsel" (Doc. 80). Plaintiff states that he is legally blind and that "[d]ue to job changes and hours of work the help Plaintiff had to assist him is no longer able to assist him." (*Id.* at 1). However, Plaintiff's January 3, 2017 and January 10, 2017 filings (Docs. 86, 87, 90) indicate that Plaintiff has obtained the assistance of another inmate. Although Plaintiff may have to rely on others to prepare documents, he has demonstrated a satisfactory ability to articulate his claims, none of which are complex. The Court will deny Plaintiff's second request for court-appointed counsel (Doc. 80).[1]

### D. Plaintiff's "Motion for Stay of Proceedings" (Doc. 81)

On December 12, 2016, Plaintiff filed a "Motion for Stay of Proceedings" (Doc. 81). Defendant Stowe responded (Doc. 85) in opposition. In his Reply (Doc. 90), Plaintiff clarified that he "was not asking for an indefinite stay," but was asking for a stay until the Court rules on Plaintiff's "Motion for Appointment of Counsel" (Doc. 80). In light of the Court's ruling on Plaintiff's "Motion for Appointment of Counsel" (Doc. 80), Plaintiff's "Motion for Stay of Proceedings" (Doc. 81) will be denied as moot.[2]

## II. CONCLUSION

**IT IS ORDERED** granting Defendant Corizon Health Inc.'s "Motion to Stay Discovery, as to Corizon Only, Pending Resolution of Motion to Dismiss [Doc. 69]" (Doc. 70)

**IT IS ORDERED** granting Defendant Stowe's "Motion to Stay Discovery" (Doc. 73).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Appointment of

---

[1] The inmate who prepared Plaintiff's "Reply to Defendants Response to Plaintiffs Motion for Appointment of Counsel" wrote the following statement: "I have prepared [sic] this document . . . . I am an aide for Building 5 dealing with 50 inmates and cannot do this for him all the time." (Doc. 87 at 2). Plaintiff has responded to all of Defendants' dispositive motions (Docs. 69, 71). Plaintiff is not precluded from renewing his request for counsel if one or both of the dispositive motions are resolved in Plaintiff's favor and circumstances change with respect to the availability of inmate assistance. The Court, however, reiterates that it can only request counsel for Plaintiff and cannot "make coercive appointments of counsel." *Mallard*, 490 U.S. at 310.

[2] Moreover, the Court notes that the dispositive motions filed in this case (Docs. 69, 71) are now fully briefed.

1   Counsel" (Doc. 80) without prejudice.

2       **IT IS FURTHER ORDERED** denying as moot Plaintiff's "Motion for Stay of

3   Proceedings" (Doc. 81).

4       Dated this 31st day of January, 2017.

5

6   _____

7   Eileen S. Willett
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28