**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert William Dutcher, | No. CV-15-01079-PHX-ROS (ESW) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

**TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:**

On June 12, 2015, Arizona state prisoner Robert William Dutcher ("Plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons discussed herein, the undersigned recommends that the Court dismiss Defendant Roberts without prejudice for failure to timely serve in accordance with Federal Rule of Civil Procedure 4(m).

## **I. LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id.* at 513. Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court *may* consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added).

If a pro se prisoner proceeding *in forma pauperis* has provided to the U.S. Marshals Service (the "USMS") sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Id.*

## **II. DISCUSSION**

On June 10, 2016, the Court ordered service on a number of defendants, including Defendant Roberts. (Doc. 42 at 10). On August 24, 2016, a Process Receipt and Return was filed indicating that the USMS was unable to complete service on Defendant Roberts. (Doc. 47).

In his August 31, 2016 Motion (Doc. 51), Plaintiff sought the Court's assistance with respect to service of Defendant Roberts. On September 29, 2016 (Doc. 59), the Court directed the Clerk of Court to provide Plaintiff with a subpoena duces tecum to assist Plaintiff with obtaining Defendant Roberts' address. The Court also extended the service deadline as to Defendant Roberts by sixty days. (*Id.* at 3). No document has been filed indicating that service has been effected as to Defendant Roberts.

On March 29, 2017, the Court issued an Order (Doc. 106) directing Plaintiff to show cause why Defendant Roberts should not be dismissed without prejudice from this action for failure to timely serve. Plaintiff failed to respond to the Order (Doc. 106). The Court has warned Plaintiff that the failure to timely serve Defendant Roberts may result in a dismissal. (*See, e.g.*, Doc. 42 at 10). To reiterate, an incarcerated pro se plaintiff is responsible for furnishing the USMS with sufficient information to serve a defendant. *See Walker*, 14 F.3d at 1422. The undersigned recommends that the Court dismiss without prejudice Defendant Roberts from this action for failure to timely effect service.

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court dismiss without prejudice Defendant Roberts for failure to serve in accordance with Federal Rule of Civil Procedure 4(m).

The above recommendations are not orders that are immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 26th day of May, 2017.

_____
Eileen S. Willett
United States Magistrate Judge