SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher,<br>　　　　Plaintiff,<br>v.<br>Charles L. Ryan, et al.,<br>　　　　Defendants. | No. CV 15-01079-PHX-ROS (ESW)<br><br>**ORDER** |

Plaintiff Robert William Dutcher, who is currently confined in Arizona State Prison Complex-Eyman, brought this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 40.) Before the Court is Defendant Corizon's Motion to Dismiss, which Plaintiff opposes.[1] (Docs. 69, 77.)

The Court will deny Corizon's Motion to Dismiss without prejudice and dismiss Defendant Roberts from the action without prejudice.[2]

**I.　Background**

In his Second Amended Complaint, Plaintiff brought claims for denial of constitutionally adequate medical care in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and denial of meaningful access to the courts in violation of the First Amendment. (Doc. 40.) Plaintiff alleged that he was denied

---

[1] The Court provided Plaintiff with notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 74.)

[2] Also before the Court is Defendant Stowe's Motion for Summary Judgment (Doc. 71), which the Court will address by separate Order.

1 constitutionally adequate medical treatment for his glaucoma and went blind as a result, and that prison officials retaliated against him for filing grievances complaining about his medical treatment.

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants Corizon and Roberts and First Amendment retaliation claims against Defendant Stowe and Shields and directed these Defendants to answer. The Court dismissed the remaining claims and Defendants. (Doc. 42.)

Defendant Corizon moves to dismiss on the ground that Plaintiff's claims against it are barred by the statute of limitations.

**II.     Statute of Limitations Standard**

Section 1983 does not include its own statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state, "along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citation omitted). In Arizona, the limitations period for personal injury claims is two years. *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986); *see also* Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers v. Lewis*, 174 F.3d at 991. Under federal law, a claim accrues "when [the plaintiff] knows or has reason to know of the injury which is the basis of the cause of action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (internal quotation marks and citations omitted).

For the defense of the running of the statute of limitations to be decided on a motion to dismiss, the untimeliness must clearly appear on the face of the complaint. *See*

*Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206-1207 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'") (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

**III.     Corizon's Motion to Dismiss**

Corizon argues that based on Plaintiff's Second Amended Complaint, Plaintiff's alleged injury began on March 18, 2012, when Plaintiff was diagnosed with glaucoma. (Doc. 69.)  Corizon became the Arizona Department of Corrections (ADC) healthcare provider in March 2013.  (*See* Doc. 69 at 4.)

Contrary to Corizon's argument, the untimeliness of Plaintiff's medical care claim is not apparent from the face of the Second Amended Complaint.  Plaintiff alleges that he was denied constitutionally adequate medical care for his glaucoma starting at the time of his diagnosis on March 18, 2012, that he filed several Health Needs Requests seeking treatment from the time of his diagnosis through March 2015, and that his treatment was repeatedly interrupted, denied, or delayed during this time. (Doc. 40 at 10-11.)  Plaintiff filed this lawsuit on June 12, 2015.  (*See* Doc. 1)  Even if Corizon was correct that Plaintiff could not assert claims relating to his medical treatment prior to June 2013, it is unclear why Plaintiff could not assert claims for inadequate medical treatment that allegedly occurred pursuant to Corizon's practices from June 2013 until the filing of this action.

Further, it is not clear from the face of the Second Amended Complaint that Plaintiff's claims between March 2013, when Corizon began providing medical services to ADC inmates, and June 2013 are barred by the applicable statute of limitations.  It is not clear whether or when Plaintiff completed the administrative grievance process from the face of the complaint and, accordingly, whether the statute of limitations would have been tolled while he completed the administrative grievance process.  *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (holding that the "applicable statute of

1 | limitations must be tolled while a prisoner completes the mandatory exhaustion
2 | process."). Further, it appears that the continuing violations doctrine could apply to toll the statute of limitations for Plaintiff's claim against Corizon. *See Evans v. Cty. of San Diego*, No. 06 CV 0877 JM(RBB), 2008 WL 842459, at *12 (S.D. Cal. Mar. 27, 2008) (citing cases that applied continuing violation doctrine to § 1983 claims based on deliberate indifference, and holding that statute of limitations began running on last date of allegedly unconstitutional medical treatment pursuant to the continuing violations doctrine).

Accordingly, because it is not clear from the face of Plaintiff's Second Amended Complaint that his claim against Corizon is barred by the statute of limitations, Corizon's Motion to Dismiss will be denied without prejudice.

**IV.   Defendant Roberts**

In an Order dated March 28, 2017, the Court noted that the service deadline had passed and Defendant Roberts had not been served.[3] (Doc. 106.) The Court ordered Plaintiff to show cause by April 12, 2017 why Roberts should not be dismissed without prejudice for failure to serve. Plaintiff did not respond to the Court's Order to show cause. Further, as of today's date, there is no indication that Plaintiff has served Roberts. Plaintiff has had ample opportunity to effect service and has failed to do so. Accordingly, Plaintiff's claims against Roberts will be dismissed without prejudice due to Plaintiff's failure to serve Roberts within the specified time.

. . .

. . .

. . .

. . .

. . .

. . .

---

[3] Service was returned unexecuted as to Defendant Roberts on August 24, 2016. (Doc. 47.) On September 28, 2016, the Court gave Plaintiff an additional 60 days to effect service on Roberts. (Doc. 59.)

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant Corizon's Motion to Dismiss (Doc. 69), and the Motion is **denied without prejudice**.

(2) Defendant Roberts is **dismissed** from the action **without prejudice** for failure to serve. The Magistrate Judge's Report and Recommendation (Doc. 117) recommending the Court dismiss Defendant Roberts without prejudice for failure to serve is **rejected as moot**.

Dated this 8th day of June, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge