WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-15-01079-PHX-ROS (ESW)<br><br>**ORDER** |

The Court has considered Plaintiff's "Motion to Strike Answer Filed for RNS Shields" (Doc. 156) and "Defendants' Response in Opposition to Plaintiff's 'Motion to Strke Answer Filed For RNS Shields" [Doc. 156]" (Doc. 158). Plaintiff requests that the Court strike Defendant Shields Answer (Doc. 48) to his Second Amended Complaint (Doc. 40) on the basis of the Court's purported lack of personal jurisdiction over Defendant Shields. Plaintiff concludes that Defendant Shields' Answer must be stricken because (i) her Declaration (Doc. 137-1 at 2-9) does not address all allegations set forth in the Second Amended Complaint and (ii) Plaintiff does not have a waiver of service as to Defendant Shields.

A Waiver of the Service of Summons as to Defendant Shields was filed on August 4, 2016 (Doc. 45 at 2). Defense counsel accepted service of process for Defendant Shields. In addition, Defendant Shields does not contest in her Answer that she was "employed as a Registered Nurse Supervisor for Corizon at the ASPC-Eyman facility,"

nor does she allege a lack of personal jurisdiction in a responsive motion or her Answer (Doc. 48 ). Plaintiff himself alleges in his Second Amended Complaint that the Court has jurisdiction to hear his claims against Defendant Shields (Doc. 40 at 1, 15, 16-18, 26). Finally, simply noting that Defendant Shields' Declaration is factually deficient is not a ground for the Court to strike Defendant Shields' Answer.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f) (2). Plaintiff's Motion (Doc. 156) was filed more than one year after the filing of Defendant Shield's Answer. Defendant Shields' Answer is not insufficient, nor does it contain redundant, immaterial, impertinent or scandalous matters. Because Plaintiff's Motion is untimely and lacks a meritorious basis, the Motion (Doc. 156) will be denied.

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's Motion to Strike Answer Filed for RNS Shields (Doc. 156).

Dated this 13th day of February, 2018.

Eileen S. Willett
United States Magistrate Judge