**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. CV-15-01079-PHX-ROS (ESW)<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Appointment of Counsel (Doc. 175) and Plaintiff's "Motion to Permit Plaintiff to Respond to Defendant Shield's Disguised Motion to Strike/ Motion for Excellerated [sic] Ruling" (Doc. 186).

### I. DISCUSSION

**A. Motion for Appointment of Counsel (Doc. 175)**

In his second Motion for Appointment of Counsel Plaintiff seeks the appointment of counsel for purposes of trial to (i) depose the Defendants, (ii) prepare pretrial motions, (iii) cross examine Defendants' witnesses, and (iv) review medical specialist's findings. (Doc. 175 at 2).

As previously explained to the Plaintiff, there is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have

the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's filings with the Court indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court. Indeed, several of Plaintiff's claims have survived summary judgment, and the case has been referred to a Magistrate Judge for a settlement conference. The Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff remains in a position no different than many pro se prisoner litigants. The Court will deny Plaintiff's Motion for Appointment of Counsel (Doc. 175).

**B. "Motion to Permit Plaintiff to Respond to Defendant Shield's Disguised Motion to Strike/ Motion for Excellerated [sic] Ruling" (Doc. 186).**

Plaintiff is requesting the opportunity to file a surreply to Defendant Shield's Motion for Summary Judgment. However, the Court has ruled on the merits, specifically noting that the Court accepted and considered Plaintiff's Response and Statement of Facts. (Doc. 185 at 1-2). As there is no pending defense motion and Plaintiff's procedural concerns were addressed by the Court favorably for Plaintiff, Plaintiff's request is moot and will be denied.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's Motion for Appointment of Counsel (Doc.

175).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Permit Plaintiff to Respond to Defendant Shield's Disguised Motion to Strike/ Motion for Excellerated [sic] Ruling" (Doc. 186).

Dated this 3rd day of October, 2018.

_____
Eileen S. Willett
United States Magistrate Judge