**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher, | No. CV-15-01079-PHX-ROS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Appoint Counsel (Doc. 203), Motion to Expand the Relevant Evidence (Doc. 206), and Motion for Extension of Time (Doc. 210). The remaining claims in this action are Plaintiff's Eighth Amendment medical care claims against Defendant Corizon (Doc. 185 at 12). The Joint Proposed Pretrial Order must be filed no later than February 21, 2019 (Doc. 217).

## I.     DISCUSSION

### A. Motion to Appoint Counsel (Doc. 203) and Motion for Extension of Time (Doc. 210)

In his third Motion to Appoint Counsel, Plaintiff requests that the Court appoint counsel because Plaintiff is proceeding to trial. Plaintiff states that "[t]here are many things an Attorney can do that an inmate prisoner can not do, for example, depose Defendants before trial, prepare proper Motions, review finding of the medical specialist, obtain expert witnesses and cross-examine any witness or witnesses the Defendant's Attorney(s) may

1   put on the stand during trial." (Doc. 203 at 2). Plaintiff alternatively requests that the

2   Court extend time for Plaintiff to hire his own counsel. As the case is pending trial, the

3   Court considers the extension of time request to be an extension of the trial setting.

4   As previously explained to the Plaintiff, there is no constitutional right to the

5   appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d

6   820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269

7   (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have

8   the authority "to make coercive appointments of counsel." *Mallard v. United States*

9   *District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion

10  to request that an attorney represent an indigent civil litigant upon a showing of

11  "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of*

12  *America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

13  Cir. 1991). A determination with respect to exceptional circumstances requires an

14  evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to

15  articulate his claims pro se in light of the complexity of the legal issue involved. *Id.*

16  "Neither of these factors is dispositive and both must be viewed together before reaching

17  a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

18  Plaintiff's filings with the Court indicate that Plaintiff is capable of navigating this

19  proceeding and presenting arguments to the Court. Indeed, several of Plaintiff's claims

20  survived summary judgment, and the case is now proceeding to trial. The Court does not

21  find that exceptional circumstances are present that would require the appointment of

22  counsel in this case. Plaintiff remains in a position no different than many pro se prisoner

23  litigants. The Court will deny Plaintiff's Motion for Appointment of Counsel (Doc. 203).

24  The Court recognizes that it has broad discretion in supervising the pretrial phase of

25  litigation. *See Zivhovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002).

26  Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to

27  establish a schedule that sets pretrial deadlines. A Rule 16 scheduling order may be

28  "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

1   This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which

2   can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations,*

3   *Inc.,* 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted).

4   "Disregard of the order would undermine the court's ability to control its docket, disrupt

5   the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*

6   Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

7   the amendment. *Id.* at 609. If the movant "was not diligent, the inquiry should end." *Id.*

8   "Moreover, carelessness is not compatible with a finding of diligence and offers no reason

9   for a grant of relief." *Id.*

10  This case was filed on June 12, 2015 (Doc. 1). Plaintiff has had three years and

11  eight months to obtain his own counsel. Plaintiff requests more time to continue to contact

12  attorneys in the hope of hiring trial counsel. However, Plaintiff has not identified any

13  attorney who has assured Plaintiff that he/she would actually represent Plaintiff. The Court

14  has extended the time for the parties to file their Joint Proposed Pretrial Order twice (Docs.

15  211, 217). Plaintiff has not shown good cause to continue postponing the setting of trial in

16  this case. Plaintiff has failed to demonstrate any likelihood that further time will result in

17  Plaintiff securing trial counsel. Plaintiff's Motion for Extension of Time will be denied

18  (Doc. 210).

19  **B. Motion to Expand Relevant Evidence (Doc. 206)**

20  Plaintiff requests that the Court accept into evidence several previously undisclosed

21  newspaper articles regarding prison health care and the Parson's case. Defendant Corizon

22  objects to (i) Plaintiff's Motion as improper, (ii) the disclosure itself as untimely, and (iii)

23  the material itself as irrelevant.

24  As Defendant correctly notes, Fed. R. Civ. P. 5(d) requires that "disclosures under

25  Rule 26(a)(1) or (2) . . . must not be filed until they are used in the proceeding or the court

26  orders filing . . . ." In addition, LRCiv. 5.2 requires that "[a] 'Notice of Service' of the

27  disclosures . . . listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed

28  within a reasonable time after service of such papers." Plaintiff's filing of the actual

1 disclosure rather than a "Notice of Service" violates both the Federal and Local Rules of

2 Civil Procedure. Exhibits intended to be offered at trial are properly listed in the parties'

3 Joint Proposed Pretrial Order.

4      To the extent that Plaintiff is seeking an extension of the discovery deadline to

5 permit his late disclosure, the Plaintiff fails to demonstrate the requisite good cause

6 necessary to allow such a late request. Discovery closed in this case on October 2, 2017

7 (Doc. 129 at 3). Plaintiff was required to disclose the evidence he intended to rely upon at

8 trial by October 2, 2017. If a pretrial schedule cannot be met despite the diligence of the

9 party seeking an extension of time, the Court may modify its scheduling order. *See*

10 MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed.

11 1990) (good cause means scheduling deadlines cannot be met despite party's diligence).

12 "Although the existence or degree of prejudice to the party opposing the modification

13 might supply additional reasons to deny a motion, the focus of the inquiry is upon the

14 moving party's reasons for seeking modification. Moreover, where a motion is made to

15 extend a deadline after the deadline has expired, the movant must show excusable neglect.

16 *See* Fed. R. Civ. P. 6(b)(1)(B).

17      Although pro se litigants are given leniency in evaluating compliance with the

18 technical Rules of Civil Procedure, the rules still apply to pro se litigants. *Draper v. Combs*,

19 792 F.2d 915, 924 (9th Cir. 1986). ("We recognize that the plaintiff represented himself

20 and therefore, in evaluating his compliance with the technical rules of civil procedure, we

21 treat him with great leniency."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)

22 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the

23 rules of procedure.").

24      Plaintiff has not articulated any reason for his late request to extend discovery

25 deadlines in his case. Nor has he shown excusable neglect. Plaintiff's Motion to Expand

26 the Relevant Evidence (Doc. 206) will be denied.

27                     **I.**      **CONCLUSION**

28      For the reasons set forth herein,

1      **IT IS ORDERED** denying Plaintiff's:  (i) Motion to Appoint Counsel (Doc. 203),

2 (ii) Motion to Expand the Relevant Evidence (Doc. 206), and (iii) Motion for Extension of

3 Time (Doc. 210).

4      Dated this 5th day of February, 2019.

5

6

7                    Honorable Eileen S. Willett

8                    United States Magistrate Judge