**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher, | No. CV-15-01079-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

In the operative complaint, Plaintiff alleged Defendant Corizon had been deliberately indifferent to his serious medical needs by repeatedly failing to provide appropriate treatment for his chronic conditions. At the end of that complaint, Plaintiff stated the relief he was seeking:

> The Plaintiff requests preliminary relief of immediate treatment of his serious health care needs, without respect to costs and ask for a jury trial for the settling of punitive and compensatory damages for harms, caused to the Plaintiff as a result of unwarranted denials and delays of constitutionally adequate health care . . . .

(Doc. 40 at 26). The Court noted in screening the complaint that Plaintiff was seeking "injunctive and compensatory relief." (Doc. 42 at 4). At that time, the Court did not specify Plaintiff was seeking permanent injunctive relief. But the Court read the complaint as seeking such relief, as evidenced by the Order issued on June 13, 2019, calling for briefing on the appropriate nature of permanent relief. (Doc. 238).

Because Plaintiff is an inmate who filed the operative complaint *pro se*, that "complaint must be held to less stringent standards than formal pleadings drafted by

lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In the context of Plaintiff's claims, his request for "preliminary relief of immediate treatment" must be construed as a request for permanent injunctive relief. That is especially true given Federal Rule of Civil Procedure 54(c).

Rule 54(c) provides every final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." According to the Ninth Circuit, that language means "[s]o long as a party is entitled to relief, a trial court must grant such relief despite the absence of a formal demand in the party's pleadings." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). The only exception to this rule is when the opposing party would be prejudiced by the failure to identify the requested relief in the complaint. *California Ins. Guarantee Ass'n v. Burwell*, 227 F. Supp. 3d 1101, 1116 (C.D. Cal. 2017). In this case, all possible defendants have now been put on notice that permanent injunctive relief might be ordered. Therefore, no possible defendant will suffer cognizable prejudice should Plaintiff be awarded such relief after trial. *See In re Jodoin*, 196 B.R. 845, 852 (Bankr. E.D. Cal. 1996) ("In this context, prejudice refers to lack of opportunity to present additional evidence to meet the unpleaded issue.").

Accordingly,

**IT IS ORDERED** the parties, Ryan, and Centurion shall attend the status conference on **June 24, 2019**, prepared to discuss who should be added as a party for purposes of Plaintiff's request for permanent injunctive relief.

Dated this 21st day of June, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge